UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL J. RHODUS,
Plaintiff,

vs

CHAE HARRIS, et al.,

Case No. 1:18-cv-314

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Madison Correctional Institution in London, Ohio, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights while he was housed at the Warren Correctional Institution (WCI) in Lebanon, Ohio. (Doc. 1-1). He names the following WCI corrections officials as defendants: Warden Chae Harris, Corrections Officer Ray, Corrections Officer Story, Corrections Officer Swain, Inspector Cynthia Hill, Prison Rape Elimination Act (PREA) Manager Anita Eulenberg, Investigator Greg Craft, Corrections Officer Stephanie Vetere, and Captain Mitchell Turner.

By separate order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

2

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.    Allegations in the Complaint**

Plaintiff alleges that on August 11, 2016, defendant Corrections Officers Swain and Story ordered him to stand on a table in the middle of the Unit 3B dayroom, where other prisoners in the unit could see him, holding a sign that read "I LOVE BIG DICK" and singing the nursery rhyme "I'm a Little Tea Pot." (Doc. 1-1, at PageID 12, 19-20). According to plaintiff, Story and Swain made him do these things for extra duty because he is homosexual. (*See id.*). Additionally, plaintiff claims that Story and Swain made him scrub the floor with a toothbrush while they made "gay jokes" directed at him. (*See* Doc. 1-1, at PageID 12). Plaintiff claims that when he made a response, Swain and Story shook his cell down and "'tossed' all of [his]

3

property, including soaking his property with water." (*Id.* at PageID 12, 20). Plaintiff also claims that Story spit on plaintiff two times and that Story raised his hand as if to slap plaintiff. (*Id.*). According to plaintiff, after these alleged events "[people] started making fun of [him] hitting [him] grabbing [him] on [his] butt and sexual remarks [sic]." (*Id.*, at PageID 12).

Plaintiff asserts that he called the PREA hotline and reported Story and Swain. (*Id.* at PageID 20). Plaintiff also claims that he contacted Lieutenant Scott, who is not named as a defendant and allegedly told plaintiff that he would review camera footage of the incident. (*Id.* at PageID 21). According to plaintiff, Scott turned the matter over to defendants Inspector Hill and Investigator Craft. (*Id.*). Plaintiff claims that shortly thereafter he called the PREA hotline again and was sent to speak to defendant PREA Manager Eulenberg. (*Id.*). Plaintiff contends that Eulenberg determined that Story's and Swain's actions were of a non-sexual nature and did not implicate PREA. (*Id.* at PageID 12, 20).

Thereafter, plaintiff claims he was moved from Unit 3B to Unit 2C "on the premise of protecting [him] from retaliation and from prisoner sexual harassment." (*Id.* at PageID 21). In Unit 2C, plaintiff claims that defendant Corrections Officer Ray called plaintiff "a snitching bitch" for making complaints against Story and Swain; subjected plaintiff to cell searches, during which his property was "toss[ed]"; and denied plaintiff access to showers, recreation, and the dayroom. (*Id.*). Plaintiff also alleges that Ray "sent inmates to try to crash [him] out or get [him] whacked." (*Id.* at PageID 13). Further, plaintiff claims that as he was walking from Unit 2C to pill call, defendant Corrections Officer Vetere said in front of "as many as a hundred prisoners" who were returning from recreation: "There goes that snitching bitch," "You need to grow a pair," and "You need your ass whipped." (*Id.* at PageID 13, 22). Plaintiff additionally

4

alleges that Vetere wrote false conduct tickets against plaintiff. (*Id*. at PageID 13).

According to plaintiff, Story and Swain were placed on administrative leave, and Hill recommended to defendant Warden Harris that plaintiff be transferred to another prison, but Harris denied the request. (*Id*. at PageID 22). Plaintiff asserts that as a result he was forced to remain at WCI, where he was subjected to retaliatory harassment. (*Id*.).

Further, plaintiff claims that he filed complaints with defendant Captain Turner, who allegedly told plaintiff: "You're not getting a response," "You're not getting any money for this like you think," and "You know what? I think you set those officers up." (*Id*.). Plaintiff asserts that Turner then prevented plaintiff from grieving his claims. (*Id*.).

For relief, plaintiff seeks monetary, declaratory, and injunctive relief. (*Id*. at PageID 14, 25).

C.   **Analysis of the Complaint**

Plaintiff brings his claims against defendants Story, Swain, Ray, and Vetere under the First, Eighth, and Fourteenth Amendments. (Doc. 1-1, at PageID 22-24). He brings his claims against defendants Hill, Eulenberg, and Craft for allegedly failing to take proper corrective action against defendants Story and Swain. (*Id*. at PageID 23). Plaintiff brings his claims against defendant Warden Harris for allegedly failing to transfer him. (*Id*.). Furthermore, plaintiff brings his claims against defendant Turner for allegedly interfering with the grievance process. (*Id*. at PageID 24).

At this stage of the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff has stated a claim for relief against defendants Story, Swain, Ray, and Vetere for violating his Eighth and Fourteenth Amendment rights by targeting

him because of his sexual orientation and jeopardizing his safety by humiliating him and/or calling him a snitch in front of other inmates. Plaintiff may also proceed with his claim that defendants Ray and Vetere retaliated against him for making complaints against Story and Swain. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims should be dismissed.

First, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and

ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, the complaint should be dismissed as to defendant Warden Harris. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish,* 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Plaintiff has not alleged sufficient factual content for the Court to infer that Warden Harris was personally involved or acquiesced in any alleged unconstitutional behavior. To the extent that plaintiff asserts that Warden Harris denied Hill's recommendation to transfer plaintiff to another institution (*see* Doc. 1-1, at PageID 22), plaintiff also does not state a claim upon which relief may be granted. A prisoner has no constitutional right to be incarcerated in a particular prison. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). Moreover, plaintiff has failed to allege facts from which the Court can infer that the warden was deliberately indifferent to a known risk of harm to plaintiff as is necessary to state a prima facie failure-to-protect claim. *See Farmer v. Brennan,* 511 U.S. 825, 828 (1994).

Further, plaintiff's claim that defendants Hill, Craft, and Eulenberg failed to take proper corrective action in response to his complaints against Story and Swain should be dismissed. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Moreover, plaintiff's claim against Turner for allegedly interfering with the grievance process fails to state a claim upon which relief may be granted. "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

Finally, to the extent that plaintiff seeks to bring a retaliation claim against defendants Story and Swain, plaintiff has failed to allege that he was retaliated against by these defendants for exercising a specific constitutional right. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (setting forth elements of retaliation claim, indicating that the plaintiff must allege that he was retaliated against for exercising a specific constitutional right). *See also Morris v. Trevino*, 301 F. App'x 310, 312 (5th Cir. 2008) (finding that the plaintiff's allegation that he was retaliated against on the basis that he is homosexual was insufficient by itself to state a First Amendment retaliation claim because he failed to allege a specific constitutional right that he was retaliated against for exercising). Plaintiff therefore has failed to state an actionable retaliation claim against defendants Story and Swain.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **with the exception of** plaintiff's claim that Story, Swain, Ray, and Vetere violated his Eighth and Fourteenth Amendment rights by targeting him because of his sexual orientation and jeopardizing his safety by humiliating him and/or calling him a

snitch in front of other inmates, and his claim that defendants Ray and Vetere retaliated against him for making complaints against Story and Swain.

However, plaintiff has not submitted service copies of the complaint or the necessary service of process forms for defendants Story, Swain, Ray and Vetere.[1] Therefore, **within thirty (30) days** of receipt of this Order and Report and Recommendation, plaintiff is **ORDERED** to submit a service copy of the complaint, summons, and United States Marshal Form for defendants Story, Swain, Ray and Vetere so that service of process may be made in this case.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint (Doc. 1-1) be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **with the exception of** plaintiff's claim that Story, Swain, Ray, and Vetere violated his Eighth and Fourteenth Amendment rights by targeting him because of his sexual orientation and jeopardizing his safety by humiliating him and/or calling him a snitch in front of other inmates, and his claim that defendants Ray and Vetere retaliated against him for making complaints against Story and Swain.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. **WITHIN thirty (30) days** of receipt of this Order and Report and

---

[1] Instead, plaintiff has submitted a single summons, listing eight of the nine defendants on it, and a single United States Marshal Form for defendant Warden Harris. (*See* Docs. 1-2, 1-3). Plaintiff must submit for *each* defendant a copy of his complaint, a summons form, and a United States Marshal form.

9

Recommendation, plaintiff shall submit a service copy of the complaint, a completed summons, and a completed United States Marshal Form for defendants Story, Swain, Ray and Vetere so that each defendant may be served with process in this case.

2. The Clerk of Court is **DIRECTED** to provide the plaintiff with sufficient summonses and United States Marshal Forms for this purpose, as well as a copy of his complaint so that he can make the requisite number of service copies. Upon receipt of the service copies, completed summonses, and United States Marshal Forms, the Court shall order service of process by the United States Marshal in this case.

Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case for want of prosecution.

Date: 6/4/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL J. RHODUS,
Plaintiff,

vs

CHAE HARRIS, et al.,

Case No. 1:18-cv-314

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).