UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL J. RHODUS,
Plaintiff,

vs.

CHAE HARRIS, et al.,
Defendants.

Case No. 1:18-cv-314
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Michael J. Rhodus, proceeding pro se, initiated this prisoner civil rights action in May 2018. (*See* Doc. 1). In June 2019, defendant Stephanie Vetere filed a motion for summary judgment. (Doc. 20). After this motion was filed, the Court sent plaintiff notice that failure to respond could result in dismissal of his action for lack of prosecution. (Doc. 21). Despite this notice, plaintiff did not file any response to the motion for summary judgment.

On November 13, 2019, the Court ordered plaintiff to show cause within fifteen (15) days why this Court should not dismiss his case against defendant Stephanie Vetere for lack of prosecution. (Doc. 23). The Court also ordered plaintiff to show cause within twenty (20) days why his complaint should not be dismissed for lack of service upon defendants Ray, Story, and Swain. (Doc. 22).[1] To date, plaintiff has not filed a response to the Show Cause Orders or to the pending motion for summary judgment.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case under Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1] All other defendants have previously been dismissed. (*See* Doc. 6).

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Although plaintiff is proceeding pro se, the Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** in its entirety for want of prosecution, for lack of service, and for failure to obey an Order of the Court.

Date: 12/17/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL J. RHODUS,
    Plaintiff,

vs.

CHAE HARRIS, et al.,
    Defendants.

Case No. 1:18-cv-314
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).